UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff/Respondent,<br><br>       v.<br><br>JESSE JAKE VALDEZ,<br><br>                  Defendant/Movant. | Case No. 1:12-cv-00594-EJL<br>         1:09-cr-00248-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Jesse Jake Valdez's ("Valdez") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion, the Government's Response (Civ. Dkt. 15), and the underlying criminal record, the Court enters the following Order dismissing the § 2255 Motion for the reasons set forth below.

## PROCEDURAL BACKGROUND

On February 10, 2010, Valdez was one of four Defendants charged in a Superseding Indictment. *Superseding Indictment*, Crim. Dkt. 7. Valdez was charged in Count One with conspiracy to distribute cocaine and marijuana, in Count Four with distributing cocaine on or about October 15, 2008, and in Count Five with distributing cocaine on or about December 12, 2008, and attorney Kathleen Elliott was appointed to

represent him. *Id.*; *Minute Entry*, Crim. Dkt. 93. On August 30, 2011, Valdez pleaded guilty to Count One in return for the Government's agreement to dismiss Counts Four and Five. *Minute Entry*, Crim. Dkt. 126; *Amended Plea Agreement*, Crim. Dkt. 127. On December 7, 2011, Valdez was sentenced to a term of imprisonment of 70 months to be followed by four years of supervised release. *Minute Entry*, Crim. Dkt. 138; *Judgment*, Crim. Dkt. 139.

Valdez did not appeal his sentence or conviction. On December 3, 2012, he timely filed the pending § 2255 Motion. Valdez moved for copies of the transcripts of his plea and sentencing hearings. On March 25, 2013, the Court granted the motion and also directed the Government to respond within 60 days and for Valdez to file a reply within 21 days after the filing of the response. *Order*, Civ. Dkt. 14. The Government timely responded on May 21, 2013. *Response*, Civ. Dkt. 15. Valdez has not filed a Reply. On June 10, 2013, he advised the Court that he had been moved to another facility and did not have his legal papers. *Letter*, Civ. Dkt. 17. He further advised that he would file his Reply when he received them. *Id.* According to the internal docket, the transcripts were mailed to Valdez on August 8, 2013. The Court has not received a Reply or other communication since that time over a year ago indicating that he had not received his legal files or the transcripts.

## REVIEW OF § 2255 MOTION

In his § 2255 Motion, Valdez alleges that defense counsel (1) failed to raise the issue that the Government gathered evidence against him and his co-Defendants through

warrantless GPS tracking, and (2) failed to move the Court to correct the "factual basis." The Government responds that Valdez can show neither deficient performance nor prejudice on either ground. The Government has submitted the Declaration of Kathleen Elliott (Civ. Dkt. 15-1) in support of its position on the GPS tracking argument.

## STANDARDS OF LAW

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after

consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

## 2.     Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ." *Id.* For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland*

standard is "highly demanding." *Kimmelman v. Morrision,* 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.* Indeed, a court is encouraged to decide an ineffective assistance of counsel claim on prejudice grounds if it is "easier" to dispose of it on those grounds. *Id.*

**DISCUSSION**

**1.      Failure to Challenge GPS Tracking Evidence**

Defense counsel reviewed and discussed discovery materials with Valdez that indicated that the Idaho State Police had utilized a warrantless GPS tracking device to track the vehicle of one of the co-Defendants. *Elliott Decl.* ¶ 2. She did not file a motion to suppress the evidence obtained as a result of the tracking device for two reasons: (1) because she did not prevail on a similar motion in another case due to the then existing

case law, and (2) because she believed that even if the motion were successful, it would not "impact" the evidence against Valdez. *Elliott Decl.* ¶ 3. This is so because Valdez had sold cocaine to a confidential informant on two occasions in 2008 as part of the alleged conspiracy. *See Amended Plea Agreement* ¶ III.B.

The Court suspects Valdez's argument was prompted by the Supreme Court's 2012 decision holding that installation of a GPS tracking device on a target's vehicle and monitoring of the vehicle's movements with that device constitutes a "search" under the Fourth Amendment. *See United States v. Jones*, 132 S.Ct. 945 (2012). However, in 2008, the binding precedent in the Ninth Circuit allowed GPS tracker installation and monitoring. *See United States v. McIver*, 186 F.3d 1119, 1126 (9th Cir. 1999) (stating that placing a tracking device on the undercarriage of a vehicle was neither a search nor a seizure); *United States v. Hufford*, 539 F.2d 32, 34 (9th Cir. 1976) (finding no Fourth Amendment violation when monitoring movement of vehicle along public roads); *United States v. Miroyan*, 577 F.2d 489, 492 (9th Cir. 1978) (stating that use of a tracking device does not constitute a search). Indeed, it remained binding precedent in the Ninth Circuit until the *Jones* decision even with respect to attachment of a tracking device while the vehicle was parked in a private driveway. *See United States v. Pineda-Moreno*, 591 F.3d 1212, 1215 (9th Cir. 2010), *judgment vacated by Pineda-Moreno v. United States*, 132 S.Ct. 1533 (2012) ("*Pineda-Moreno (I)*").

*Pineda-Moreno I* was vacated and remanded in light of the *Jones* decision. On remand, the Ninth Circuit noted that in 2007 when the agents installed the tracking

devices on five occasions and monitored the vehicle's movement, *Jones* had not been decided and the agents acted in "objectively reasonable reliance on then-binding precedent" where the monitors were installed while the vehicle was either on a public street or on a parking lot. *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012) (*"Pineda-Moreno II"*). It noted further that Ninth Circuit precedent "may have also permitted" agents to go onto the defendant's driveway twice to install the monitors. *Id.* (citations omitted). However, it did not reach that specific issue because the evidence discovered through the devices attached while the vehicle was in the driveway was cumulative of other evidence obtained in good faith. *Id.* at 1091.

Here, as in *Pineda-Moreno*, in 2008, the agents acted in good faith reliance on established circuit precedent that permitted attachment of tracking devices and subsequent monitoring. Likewise, in 2011, defense counsel did not file a motion to suppress based on good faith reliance on then-existing circuit precedent and on her prior experience losing a similar motion based on that precedent. Furthermore, counsel believed there was enough evidence, even without any evidence discovered through the monitoring, to convict Valdez. Accordingly, the Court finds that counsel's performance was objectively reasonable. Even if it was not, Valdez has failed to offer any evidence that the Court would have granted a motion to suppress, that he would not have been convicted of the two direct drug transactions with which he was charged, or that he was otherwise prejudiced.

## 2. Failure to Challenge Factual Basis

Valdez's claim that counsel failed to challenge the factual basis is totally devoid of specifics. The Court is uncertain whether he is referring to the factual basis in the Plea Agreement or in the Presentence Report. Furthermore, he has failed to identify what information was inaccurate or indicated how he was prejudiced.

The Court notes that at the change of plea hearing, the Government advised that while not reflected in the Plea Agreement, it had agreed recommend a sentence concurrent with that to be imposed for a pending charge in Arizona if the pending charge was related to the offense charged in this case. *Plea Tr.* at 17. Defense counsel subsequently pointed out a typographical error in the factual basis of the Plea Agreement. *Plea Tr.* at 18. The factual basis indicated that "Defendant Martin transferred proceeds from the sale of drugs to the *Defendant* in Arizona" rather than saying he "transferred proceeds . . . to the *co-Defendant*." *Id.* (emphasis added). The Court then asked counsel to correct the error on the Plea Agreement and initial the correction. An Amended Plea Agreement was filed the next day with that correction. *Amended Plea Agreement*, Crim. Dkt. 127.

The Court also notes that defense counsel filed objections to the Presentence Report challenging both what she characterized as unreliable offense conduct information and the firearm enhancement. *Objections to Presentence Report*, Crim. Dkt. 129. The Court overruled those objections. *See Sent. Tr.* at 14-16. Valdez has not identified any further corrections that needed to be brought to the Court's attention.

To the extent that the corrections referred to at the change of plea hearing or identified in counsel's objections are those to which Valdez is referring, Valdez's claim is subject to dismissal. To the extent that he is referring to other desired corrections to the Plea Agreement or to the Presentence Report, the claim is subject to dismissal for lack of specificity. As stated above, mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161.

## CONCLUSION

Valdez has not alleged specific facts which, if true, would state a claim of relief. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Accordingly, the § 2255 Motion shall be dismissed without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).[1]  When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that all of the grounds alleged in the § 2255 Motion are subject to dismissal to be debatable or wrong.  Accordingly, a certificate of appealability will not issue.

## ORDER

**IT IS ORDERED:**

1.    JESSE JAKE VALDEZ's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ.Dkt. 1 and Crim. Dkt. 153) is **DISMISSED** in its entirety.

2.    No certificate of appealability shall issue.  Valdez is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

---

[1]  The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction.  *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).  Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

3.      If Valdez files a timely notice of appeal, and not until such time, the Clerk

of Court shall forward a copy of the notice of appeal, together with this

Order, to the Ninth Circuit Court of Appeals.  The district court's file in this

case is available for review online at www.id.uscourts.gov.

DATED:  **October 6, 2014**

Honorable Edward J. Lodge
U. S. District Judge